485 S.E.2d 687

**Herbert ADKINS, Plaintiff Below, Appellee,**

v.

**CHEVRON, USA, INC., Defendant Below, Appellant,**

**The City of Charleston, Defendant Below.**

**No. 23377.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 1997.

Decided April 11, 1997.

Anthony J. Cicconi, Shaffer & Shaffer, Charleston, for Appellee.

Anita R. Casey, Christopher J. Pyles, Mark L. Garren, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, for Appellant.

PER CURIAM.

Chevron, USA, Inc. ("Chevron") appeals both a jury verdict awarding Herbert Adkins $246,037.48 and the denial of its post-trial motions by the Circuit Court of Kanawha County. Mr. Adkins, a gasoline delivery truck driver, was injured when the driveway of Chevron's fueling facility collapsed under the truck Mr. Adkins was driving sending the truck's left front tire into a sink hole. On appeal, Chevron maintains: first, because the evidence was insufficient, the circuit court erred in failing to grant Chevron summary judgment or a directed verdict; second, the circuit court's instructions to the jury were flawed; and third, the circuit court erred in allowing the jury verdict to stand. Because the record shows the evidence was sufficient, the jury instructions were adequate when considered as a whole and there was no error in allowing the jury verdict to stand, we affirm the decision of the circuit court.

## I.

### Facts and Background

On February 4, 1993, Mr. Adkins, driving a truck for his employer, went to the Chevron fuel loading facility to pick up a load of fuel. Generally, Mr. Adkins went to the facility two or three times per night and followed the general traffic pattern of using the front gate at night. About a month earlier, a crack in the pavement located before the front gate appeared. The crack was seen both by Mr. Adkins, who continued along with other drivers to use the front gate, and by Chevron's manager, who after putting some gravel in the depression, took no further action. On February 4, 1993, after picking up a load of fuel, as Mr. Adkins drove his truck out Chevron's front gate, the driveway collapsed under his truck sending the truck's left front tire into a sink hole. Mr. Adkins injured his back and his truck sustained about $9,000 in damages. Mr. Adkins was able to work for awhile, but about six months later, Mr. Adkins' injuries forced him to retire. Mr. Adkins maintains that he is permanently and totally disabled as a result of this accident.

After the accident, Chevron undertook to repair the driveway and learned that a leak in a city sewer line had eroded the ground under Chevron's driveway. John W. James, a civil engineer and expert witness for Mr. Adkins, testified that he was not sure what caused the broken sewer line and erosion. The break could have been caused by either the weight of the trucks in the driveway or water running through the broken concrete. Chevron billed the City of Charleston for "damage to Chevron property and customer vehicle on Chevron property."

Mr. Adkins filed suit in Kanawha County against Chevron and the City of Charleston. The City of Charleston was dismissed from this suit pursuant to the W.Va. Tort Claims and Insurance Reform Act, *W.Va.Code*, 29–12A–1 [1986] *et seq.* At the close of Mr. Adkins' case, Chevron moved for a directed verdict arguing that the evidence failed to show that Chevron had actual or constructive knowledge of the alleged defective or dangerous condition. After the circuit court denied the motion, the case was submitted to the jury. The jury returned a verdict for Mr. Adkins awarding the following damages: $6,037.48 for medical expenses, $5,000.00 for future pain and suffering, $35,000.00 for wages lost to date, and $200,000.00 for future lost wages.

Following the jury's verdict, Chevron moved for a judgment notwithstanding the verdict or in the alternative a new trial. After the circuit court denied Chevron's motion, Chevron appealed to this Court.

## II.

### Discussion

#### A. Sufficiency of the Evidence

■ In its first assignment of error, Chevron maintains that the circuit court erred in failing to grant its motion for summary judgment and/or a directed verdict in favor of Chevron based upon the insufficiency of the evidence. We review *de novo* both the denial of the motion for summary judgment and the denial of the directed verdict. Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) states: "A circuit court's entry of summary judgment is reviewed *de novo*." *See Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995) for a discussion of the principles for granting summary judgment. The standard for a motion for granting a directed verdict is stated in Syllabus Point 3, *Roberts v. Gale*, 149 W.Va. 166, 139 S.E.2d 272 (1964):

> When the plaintiff's evidence, considered in the light most favorable to him, fails to establish a prima facie right of recovery, the trial court should direct a verdict in favor of the defendant.

*See Huffman v. Appalachian Power Co.* 187 W.Va. 1, 11, 415 S.E.2d 145, 155 (1991); *Troy Mining Corp. v. Itmann Coal Co.*, 176 W.Va. 599, 346 S.E.2d 749 (1986); *Hinkle v. Martin*, 163 W.Va. 482, 256 S.E.2d 768 (1979). A similar standard is set forth in Syllabus Point 1 of *Bowling v. Ansted Chrysler–Plymouth–Dodge*, 188 W.Va. 468, 425 S.E.2d 144 (1992), which states:

> " 'Upon a motion to direct a verdict for the defendant, every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety, must be indulged in favorably to plaintiff; and the court must assume as true those facts which the jury may properly find under the evidence.' Syllabus, *Nichols v. Raleigh–Wyoming Coal Co.*, 112 W.Va. 85, 163 S.E. 767 (1932)." Syllabus Point 1, *Elkins Manor Associates v. Eleanor Concrete Works, Inc.*, 183 W.Va. 501, 396 S.E.2d 463 (1990).

*In accord* Syllabus Point 1, *Yeager v. Morgan*, 189 W.Va. 174, 429 S.E.2d 61 (1993). Thus we must construe the evidence in the light most favorable to Mr. Adkins, the plaintiff below.

On appeal, Chevron argues that Mr. Adkins failed to establish a *prima facie* case because he failed to show that Chevron had actual or constructive knowledge of the hidden danger in Chevron's driveway. Chevron relies on our case of *McDonald v. University of West Virginia Bd. of Trustees*, 191 W.Va. 179, 444 S.E.2d 57 (1994) (*per curiam*) as requiring the owner to have "actual or constructive knowledge" of the hidden defect.

■ We note that as a truck driver refueling at Chevron's station, Mr. Adkins is technically an "invitee" of Chevron. Syllabus Point 2 of *Puffer v. The Hub Cigar Store, Inc.*, 140 W.Va. 327, 84 S.E.2d 145 (1954), states:

> A person is an invitee when for purposes connected with the business conducted on the premises he enters or uses a place of business.

The duty owed to an invitee is the exercise of ordinary care to keep the business premises in a reasonably safe condition. Syllabus Point 2, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992) states:

> " 'The owner or the occupant of premises owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition.' Point 2 Syllabus, *Burdette v. Burdette*, 147 W.Va. 313 [127 S.E.2d 249 (1962) ]." Syllabus Point 2, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966).

■ In *Andrick*, we held that the owner of a restaurant has a duty to protect its patrons from a dangerous condition it knew or reasonably should have known existed even in an adjoining parking lot where the restaurant has invited its patrons to park. Syllabus Point 3 of *Andrick* states:

> Where the operator of a business obtains the right for its customers to park in an adjoining lot owned by another and invites them to do so, the operator has a duty of reasonable care to protect its invitees from defective or dangerous conditions existing in the parking area which

the operator knows or reasonably should know exist.

In *Andrick,* 187 W.Va. at 711, 421 S.E.2d at 252, we used the terms "actual or constructive knowledge" or "learns or should have learned" or "knows or reasonably should know" to express the same requirement to trigger the owner's duty.

■ In this case, Larry Tillot, Chevron's manager, testified that he knew about the crack in the driveway at least one month before the collapse and had undertaken to repair the driveway by dumping gravel on it. Because Mr. Tillot "didn't feel it was our problem"[1] and because the facility was scheduled to close, Chevron only performed limited maintenance. Mr. Tillot also testified he found nothing special about the crack and if there had been, he "would have been a fool to use the gate." However, John W. James, a civil engineer, testified for Mr. Adkins that "had it [the roadway surface] been properly repaired for concrete pavement ... and that's removal and replacement of the concrete, I think that the problem would have been discovered."

When the conflicting testimony is resolved in favor of Mr. Adkins, as required when examining the sufficiency of the evidence on a summary judgment or directed verdict motion, we find that the circuit court was correct in denying both motions and we find no merit in this assignment of error.

### B.

### *Jury Instructions*

Chevron raises several questions concerning the jury instructions and verdict form. For ease of discussion all these matters will be discussed in this section. Chevron's issues include: first, whether proper instructions were given on what Chevron must know for liability purposes; second, should the

jury have been instructed on comparative negligence and/or assumption of risk;[2] third, did the circuit court err in refusing to require the jury to answer special interrogatories submitted by Chevron; and, fourth, did the circuit court err in including the City of Charleston on the verdict form.

■ In *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995), we discussed the basic requirements for jury instructions, namely that they must be a correct statement of the law, supported by evidence, sufficient to instruct the jury on the issues and not misleading to the jury. We noted that we would not dissect a jury instruction on appeal, but would look to the entire instruction to determine its accuracy. Within this framework, the trial court has broad discretion and deference concerning the specific wording. We review the precise extent and character of a specific instruction under an abuse of discretion standard. Syllabus Point 4 of *Guthrie,* states:

A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not misled by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

1. Although the issue of ownership of the collapsed driveway was ultimately resolved to show that Chevron owned this section of the driveway, the issue of ownership was not clear at the beginning of the suit, when Chevron maintained that its ownership only extended to its gate and because the collapsed section of the driveway was outside the gate, the City of Charleston must be the owner of the collapsed section.

2. Chevron, as a separate assignment of error, also argues that the refusal to instruct the jury on comparative negligence or assumption of risk constitutes a ruling "that the Plaintiff was without fault." Because this assignment of error is interrelated with the jury instruction question, the two assignments of error are considered together in this section.

Furthermore, Syllabus Point 6 of *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995), states:

> The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

Syllabus Point 7 of *Tennant v. Marion Health Care Foundation, Inc.*, states:

> " 'Instructions must be read as a whole, and if, when so read, it is apparent they could not have misled the jury, the verdict will not be disturbed, through [sic] one of said instructions which is not a binding instruction may have been susceptible of a doubtful construction while standing alone.' Syl. Pt. 3, *Lambert v. Great Atlantic & Pacific Tea Company*, 155 W.Va. 397, 184 S.E.2d 118 (1971). Syllabus Point 2, *Roberts v. Stevens Clinic Hospital, Inc.*, 176 W.Va. 492, 345 S.E.2d 791 (1986). Syllabus Point 3, *Lenox v. McCauley*, 188 W.Va. 203, 423 S.E.2d 606 (1992)." Syllabus Point 6, *Michael v. Sabado*, 192 W.Va. 585, 453 S.E.2d 419 (1994).

*See* Syllabus Point 19, *Rodgers v. Rodgers*, 184 W.Va. 82, 399 S.E.2d 664 (1990) ("It is reversible error to give an instruction which tends to mislead and confuse the jury"); Syllabus Point 2, *Roberts v. Stevens Clinic Hospital, Inc.*, 176 W.Va. 492, 345 S.E.2d 791 (1986).

■ With these standards in mind, we examine Chevron's assignments of error concerning the jury instructions. Chevron's major argument is that the jury instructions included a misstatement of the law, namely that the defendant may be liable if Chevron either actually knew or reasonably should have known by the exercise of reasonable care of the dangerous or defective condition. Chevron maintains that the jury instruction should have used the words "knows or have constructive knowledge," which Chevron maintains is a "far different" higher standard. The circuit court explained that the instruction used "more precisely defined and explained to the jury what constructive knowledge was."

We agree with the circuit court that this is a semantic difference which does not change the standard of knowledge to which a defendant is held. In *McDonald*, 191 W.Va. at 182, 444 S.E.2d at 60, we discussed what knowledge of the defect/danger the defendant had to have to be liable either "actual . . . or constructive notice of such defect," or "actual or constructive knowledge of the foreign substance or defective condition." However, in Syllabus Point 3 of *Andrick*, we described the knowledge required of the defendant for liability as "knows or reasonably should know exist." [3] *See supra* section II. A. for complete text of Syllabus Point 3, *Andrick* and discussion of this same argument in the context of a directed verdict.

Given the deference given to the trial court's discretion concerning the specific wording and our use of the exact same words in *Andrick*, we find no merit in Chevron's claim that the jury instructions misstated the knowledge of the defect/danger required by the defendant.

■ Chevron also complains that the circuit court erred in refusing to instruct the jury on comparative negligence and assumption of risk. Chevron's argument is based on the fact that Mr. Adkins knew of the crack and continued to drive over it. However, Chevron and Mr. Adkins are not similarly situated regarding their responsibilities when a crack appeared in Chevron's driveway. Chevron had a duty to "exercise ordinary care to keep and maintain the premises in a reasonably safe condition." Syllabus Point 2, in part, *Andrick*. Mr. Adkins had no such duty. Indeed, Chevron had put some gravel over the crack to facilitate driving over it. To a truck driver, the crack in the concrete

---

**3.** In its brief, Chevron fails to mention or discuss our case of *Andrick* and instead relies upon *McDonald*, a *per curiam* case. Syllabus Point 2 of *Graf v. West Virginia University*, 189 W.Va. 214, 429 S.E.2d 496 (1992), states:

> A *per curiam* opinion that appears to deviate from generally accepted rules of law is not binding on the circuit courts, and should be relied upon only with great caution.

covered with gravel was not an obvious warning of a dangerous condition. "The predicate of assumption of risk is that the plaintiff has full knowledge and appreciation of the dangerous condition and voluntarily exposes himself to it." *King v. Kayak Mfg. Corp.,* 182 W.Va. 276, 282, 387 S.E.2d 511, 517 (1989). Given the evidence in the record, we find that the circuit court did not abuse its discretion in refusing to give these instructions.[4]

 Chevron next complains that the circuit court erred in refusing to submit to the jury the special interrogatories it prepared. The submission of special interrogatories to the jury is within the circuit court's discretion. *See* Rule 49(b)[1960] of *the West Virginia Rules of Civil Procedure* ("[t]he court may submit to the jury ... written interrogatories"). Syllabus Point 8, *Barefoot v. Sundale Nursing Home,* 193 W.Va. 475, 457 S.E.2d 152 (1995) states:

> As a general rule, a trial court has considerable discretion in determining whether to give special verdicts and interrogatories to a jury unless it is mandated to do so by statute.

In Syllabus Point 5 of *Torrence v. Kusminsky,* 185 W.Va. 734, 408 S.E.2d 684 (1991), we urged the cautious use of special interrogatories by saying:

> "Where not required by statute, special interrogatories in aid of a general verdict should be used cautiously and only to clarify rather than to obfuscate the issues involved." Syllabus Point 16, *Carper v. Kanawha Banking & Trust Co.,* 157 W.Va. 477, 207 S.E.2d 897 (1974).

 In this case, because special interrogatories were not required by statute, we use an abuse of discretion standard. The proposed special interrogatories were refused by the circuit court by stating: "It is not necessary to interrogate the jury on every little step, four and a half pages worth." Based on our review of the special interrogatories, we find that the jury instructions and the verdict form dealt with substantially all of the appropriate items contained in the special interrogatories. Given the adequate jury instructions, we find no abuse of discretion in refusing to submit Chevron's special interrogatories to the jury.

 Chevron also maintains that the circuit court erred in including the City of Charleston as a defendant on the verdict form. Citing plain error, Chevron argues it was prejudiced because it permitted the jury to speculate about the liability of the City of Charleston. The City of Charleston was only included in the case caption for the jury verdict form. When the jury questioned why the style of the case included the City of Charleston, the circuit court informed the jury that the City should not have been on the form and the City was not a defendant. No objection was raised when the matter was addressed by the circuit court. Chevron had the opportunity to object and to request additional curative instructions beyond those given by the circuit court. It did not. Given the circuit court's curative instructions, we find that no prejudice arose from the inclusion, and we find no merit in Chevron's assignment of error concerning the inclusion of the City of Charleston in the case caption.

When we consider the jury instructions as a whole, we find that they sufficiently instructed the jury so that the jury understood the issues involved and was not misled. Given the deference given to the circuit court on the specific wordings, we find no abuse of discretion and no merit in the issues raised concerning the jury instructions.

### C.

#### *Jury Verdict*

In its final assignment of error, Chevron argues that because the jury awarded damages for future pain and suffering but failed to award damages for past pain and suffering, the jury verdict is inconsistent and should not stand. Mr. Adkins argues that the jury's failure to award damages for past

---

4. Because Chevron's assignment of error concerning the refusal to give comparative negligence and assumption of risk jury instructions is found to be without merit, Chevron's allegations of error concerning the circuit court's ruling which lead to the refusal is similarly flawed and without merit.

pain and suffering does not make the verdict inconsistent. The jury verdict was consistent because it found Chevron liable and awarded damages.

 The standard for granting a judgment notwithstanding the verdict is the same as for a directed verdict; that is, after considering the evidence in the light more favorable to the non-movant, there exists no legally sufficient basis for the jury to find for the plaintiff or there exists no consistence to the verdict. Syllabus Point 1 of *Barefoot* states:

> "In reviewing a trial court's ruling on a motion for a judgment notwithstanding the verdict, it is not the task of the appellate court reviewing facts to determine how it would have ruled on the evidence presented. Its task is to determine whether the evidence was such that a reasonable trier of fact might have reached the decision below. Thus, in ruling on a motion for a judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the nonmoving party. If on review, the evidence is shown to be legally insufficient to sustain the verdict, it is the obligation of this Court to reverse the circuit court and to order judgment for the appellant." Syllabus Point 1, *Mildred L.M. v. John O.F.*, 192 W.Va. 345, 452 S.E.2d 436 (1994).

However, a jury verdict that has no internal logical consistency and does not comport with instructions will be reversed. Syllabus Point 1 of *Reynolds v. Pardee & Curtin Lumber Co.*, 172 W.Va. 804, 310 S.E.2d 870 (1983) states:

> When jury verdicts answering several questions have no logical internal consistency and do not comport with instructions, they will be reversed and the cause remanded for a new trial.

In *Reynolds*, we found the jury verdict, which found several of the parties liable but failed to award damages, inconsistent and required reversal. But, the present jury verdict does not reach that level of confusion. In this case, the jury found Chevron liable and awarded damages. The damages awarded for pain and suffering were minimal; none for past pain and suffering and $5,000 for future pain and suffering. Given that Mr. Adkins continued to work for about six months after the accident and the testimony of the medical experts, we agree with the circuit court that the damages awarded do not indicate that the jury was confused and we find that the circuit court properly rejected Chevron's motion for judgment notwithstanding the verdict.

For the above stated reasons, we affirm the decision of the Circuit Court of Kanawha County.

Affirmed.