# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Trudy Malone, Michael Malone,
and the Estate of Michelle Parsons,
Trudy Malone, Administratrix,
Plaintiffs Below, Petitioners**

**FILED**

September 18, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

**vs)  No. 14-1114** (Ohio County 14-C-185)

**WesBanco Bank, Inc.,
Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Trudy Malone, Michael Malone, and the Estate of Michelle Parsons, Trudy Malone, Administratrix, by counsel Ronald W. Zavolta and Jordan M. Laird, appeal the "Order Granting Defendant's Motion to Dismiss" entered on September 26, 2014, by the Circuit Court of Ohio County. Respondent WesBanco Bank, Inc., by counsel David L. Wyant and Diane G. Senakievich, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In their suit against respondent, petitioners alleged that on June 28, 2012, Petitioner Trudy Malone was driving on U.S. Route 40/National Road in Wheeling, with Petitioner Michael Malone and Michelle Parsons as passengers.[1] As petitioners were approaching an intersection, Alio Scenna, driving a 2011 Subaru Impreza, had just completed a transaction at respondent's branch location across the street and exited respondent's parking lot. Petitioners alleged that Scenna drove straight across two lanes of traffic and "t-boned" petitioners' vehicle, causing it to slam head-on into a cement barrier. Michelle Parsons was killed and Trudy and Michael Malone suffered serious injuries as a result of the accident.[2]

Petitioners did not allege that the accident occurred on respondent's property. Rather, petitioners alleged that respondent acted in a "reckless, negligent and/or careless" manner by (1)

---

[1] Trudy Malone is the mother of Michelle Parsons and grandmother of Michael Malone.

[2] Petitioners filed a separate civil action against Scenna, which, according to respondent's brief, is still pending in the Circuit Court of Ohio County.

1

"negligently failing to monitor and/or supervise ingress/egress;" (2) "negligently failing to have any and/or adequate traffic signs directing and/or facilitating the ingress and egress of [respondent's] drive through and/or banking facility;" and (3) "negligently failing to have in place security personnel to help direct and/or facilitate the ingress and egress of [respondent's] drive through and/or banking facility." Also, petitioners state that the accident occurred during the same time as the "Beast of the East Baseball and Softball Tournament" held in the Wheeling/Ohio Valley area, and, as a result, respondent was on notice that there would be an increase in traffic in the area of its National Road branch location. Petitioners also state that at another of respondent's branch locations less than three miles away, but also on National Road, respondent utilizes security personnel on a regular basis to direct and monitor ingress and egress from its property.

Respondent filed a motion to dismiss petitioners' suit for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. By order entered on September 26, 2014, the circuit court granted the motion, finding that the accident was not caused or contributed to by the failure of respondent to supervise its parking lot or its lack of traffic signs or security personnel. Instead, the circuit court found that, even consistent with petitioners' allegations, the accident was caused by a careless driver who suddenly drove across the highway after leaving respondent's parking lot. The circuit court found that respondent "cannot control the conduct of drivers who enter or exit its parking lot" and "has no duty to hire a traffic cop" to supervise such drivers. The circuit court concluded that petitioners "have no factual basis to present to a jury that would be sufficient to state a claim of negligence by [respondent] in this case." Petitioners now appeal to this Court.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995). In syllabus point two of *Appalachian Regional Healthcare, Inc. v. W.Va. Dep't of Health and Human Resources,* 232 W.Va. 388, 752 S.E.2d 419 (2013), we reiterated that "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (citations omitted). Furthermore, "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co., Inc. v. Texaco, Inc.,* 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978).

On appeal, petitioners raise three assignments of error. First, they contend that the circuit court erroneously utilized the standard for a summary judgment motion, rather than the standard for a 12(b)(6) motion. As support, petitioners point to a single line in the last full paragraph of the dismissal order, which states that petitioners have "not adequately raised genuine issues of material fact and [respondent] is entitled to summary judgment as a matter of law." However, in the very next line, the order states that "[respondent's] Motion to Dismiss is GRANTED." (emphasis in original). Moreover, upon reviewing the order in its entirety, we note that the opening paragraph states that "[t]his matter is before the Court on [respondent's] Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted." Additionally, on the second page of the order, the circuit court again refers to respondent's "Motion to Dismiss." Finally, the circuit court concluded that "[petitioners] have no factual basis

2

to present to a jury that would be sufficient to state a claim of negligence by [respondent] in this case."

Respondent argues that the circuit court applied the correct standard and that the reference to summary judgment in the dismissal order was an inadvertent drafting error. We agree. Respondent also argues, and petitioners concede, that the circuit court did not rely on any documents outside of the pleadings and based its ruling solely on the allegations in petitioners' complaint.[3] It is clear to this Court that the circuit court applied the correct standard in its analysis of respondent's motion to dismiss. Accordingly, we find no error with respect to petitioners' first argument.

In their second and third assignments of error, petitioners argue that they adequately stated a claim upon which relief can be granted and that the court erred in finding that respondent cannot control the conduct of drivers who enter or exit its parking lot. We address these assignments of error together. Petitioners state in their brief that they "recognize that a bank cannot ultimately control the conduct of drivers entering and leaving their facility. However, the bank can control the *manner* in which customers and patrons enter and exit their facility." (Emphasis in original). Petitioners point to a lack of signage or security personnel in the parking lot as evidence that respondent should be liable for their injuries, which were admittedly caused by a careless driver who had already left respondent's property.

In syllabus point three of *Aikens v. Debow,* 208 W.Va. 486, 541 S.E.2d 576 (2000), we held that

> "'[i]n order to establish a *prima facie* case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken.' Syl. Pt. 1, *Parsley v. General Motors Acceptance Corp.*, 167 W.Va. 866, 280 S.E.2d 703 (1981)." Syl. Pt. 4, *Jack v. Fritts,* 193 W.Va. 494, 457 S.E.2d 431 (1995).

"The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law." Syl. Pt. 5, *id*. Under West Virginia law, a business owner is required to use reasonable care in the maintenance of its property that is used by customers. See Syl. Pt. 2, *Adkins v. Chevron, USA, Inc.,* 199 W.Va. 518, 485 S.E.2d 687 (1997) ("Where the operator of a business obtains the right for its customers to

---

[3] Rule 12(b) states, in pertinent part, that

> [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

park in an adjoining lot owned by another and invites them to do so, the operator has a duty of reasonable care to protect its invitees from defective or dangerous conditions existing *in the parking area* which the operator knows or reasonably should know exist." (emphasis added) (citation omitted)). However, the law imposes no duty on a business owner for the traffic violation of a third-party occurring off of its property, and petitioners have presented no legal authority otherwise.

In the present case, the accident did not occur on respondent's property. Rather, it occurred after its customer left the parking lot and entered the public road by "shooting" across two lanes of traffic. As for petitioners' allegations that the parking area lacked signage or security personnel, and that respondent was on notice of increased traffic due to an annual baseball tournament in the area, this Court finds such "allegations" to be nothing more than unsupported inferences, and thus, insufficient to sustain petitioners' civil action. *See* Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(6)[2], at 347 ("[A] trial court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." (footnote omitted)). In conclusion, we find no error in the dismissal of petitioners' civil action.

For the foregoing reasons, we affirm the Circuit Court of Ohio County's "Order Granting Defendant's Motion to Dismiss" entered on September 26, 2014.

Affirmed.

**ISSUED:** September 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4