■ MARGUERITE KLUZ, Respondent, v. WERNER BOLDT, Appellant.— This is an appeal from a judgment, after a jury verdict, in favor of the plaintiff tenant against the defendant landlord for negligence in the maintenance of a

lawn. The sum of the plaintiff's testimony is that on various occasions she had walked across the front lawn of the defendant's property to reach the street rather than use the available sidewalk and that the defendant had knowledge of this practice. She further testified the lawn was available for other uses by the tenants. Prior to the accident she had observed holes in the lawn, and had reported the condition to the defendant who advised her not to worry, he would care for them. On June 30, 1960 at approximately 8:30 A.M., while crossing the lawn to gain access to the street, she testified "I stepped in a hole with my left foot, got caught in the hole and it threw me off balance. I went forward and then landed on my right side, halfway down a small embankment". She described the hole, which she had not seen prior to this accident, as being partly filled with leaves and grass at the time of the accident and it was "about eight and a half inches in length and maybe four in width and about 5 deep. I couldn't see how deep it was because there was grass and leaves in it". The defendant denied knowledge of the existence of the hole and offered affirmative proof that the grass was wet at the time of the accident and that the plaintiff stated she had slipped and fallen. Witnesses for the defendant testified that they had observed her slip and fall. It was the duty of the defendant, under the circumstances, to maintain the lawn in reasonably good condition. Plaintiff failed to prove that defendant had notice of the defect. The plaintiff testified she did not know how long this particular hole had existed as she never saw it before the accident. This testimony negates proof of actual or constructive notice to the defendant and without it, there was no showing of a failure on the part of the defendant to exercise due care. Having determined the judgment must be reversed for failure of proof, it is not necessary to consider the objections as to the charge of the court. The record does not establish, however, the basis for a charge of negligence on the theory known as a "trap". Judgment reversed on the law and the facts and complaint dismissed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.