444 S.E.2d 57

**Holly McDONALD, Plaintiff Below, Appellant,**

v.

**UNIVERSITY OF WEST VIRGINIA BOARD OF TRUSTEES, Defendant Below, Appellee.**

No. 21751.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 18, 1994.

Decided April 22, 1994.

David J. Straface, Angotti & Straface, and Gary Wigal, Morgantown, for appellant.

William E. Galeotta, Laurie L. Cryster, Steptoe & Johnson, Morgantown, for appellee.

PER CURIAM:

In this appeal, the appellant, Holly McDonald, claims that the Circuit Court of Monongalia County erred in setting aside a jury verdict for her in a personal injury action against the trustees of West Virginia University. After reviewing the questions presented, this Court disagrees and affirms the judgment of the circuit court.

On October 2, 1990, the appellant, a theater major at West Virginia University, broke her leg and ankle on the lawn of the Creative Arts Center at the University. The injury occurred while the appellant, in the course of a stage movement class, was running across the lawn and was performing body movements intended to convey the emotion of fright.

The appellant instituted the personal action giving rise to this appeal against the trustees of the University for damages resulting from the incident. In instituting the action, the appellant, in essence, claimed that the University had been negligent in maintaining its premises and that that negligence, in conjunction with the negligence of her professor in preparing for and conducting her stage movement class, had caused her injury.

The case was tried before a jury on October 20, 1992, and at the conclusion of the

trial, the jury returned a verdict for the appellant but assigned 34% of the total fault to her.

On October 29, 1992, counsel for the trustees filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motion was heard on November 16, 1992, and at the conclusion of the hearing, the trial judge set aside the jury's verdict and entered judgment in favor of the trustees.

In setting aside the verdict, the trial judge stated:

I can't rest with this verdict. It is wrong and there is no evidence to sustain that the University was in any way negligent whatsoever. No doubt the girl slipped and fell and broke her ankle which is tragic but there was nothing that the University did in this case that I can see that will let that verdict stand so that the defendant can prepare an appropriate order and you have your exceptions.

On appeal, the appellant argues that the trial judge erred in setting aside the verdict and in awarding judgment to the trustees.

■ The test to be used for determining whether a judgment should be entered notwithstanding a verdict is the same test which is used to determine whether there is sufficient evidence to support the jury's verdict. *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied*, 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984). That test, as articulated in syllabus point 5 of *Orr v. Crowder*, states:

In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

*See McClung v. Marion County Commission*, 178 W.Va. 444, 360 S.E.2d 221 (1987).

As previously indicated, the appellant in the present case, in essence, alleged that West Virginia University was negligent in maintaining its premises and that that negligence, in conjunction with the negligence of her professor, caused her injury.

■ In *Puffer v. The Hub Cigar Store, Inc.*, 140 W.Va. 327, 84 S.E.2d 145 (1954), this Court indicated that a person injured in circumstances such as those surrounding the appellant's injury is technically a "business invitee." In syllabus point 2 of *Puffer*, the Court stated:

A person is an invitee when for purposes connected with the business conducted on the premises he enters or uses a place of business.

*See also Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966); and *Haddox v. Suburban Lanes, Inc.*, 176 W.Va. 744, 349 S.E.2d 910 (1986).

■ In syllabus point 3 of *Puffer*, the Court proceeded to state:

The owner or the occupant of premises used for business purposes is not an insurer of the safety of an invited person present on such premises and, if such owner or occupant is not guilty of negligence or willful or wanton misconduct and no nuisance exists, he is not liable for injuries there sustained by such invited person.

*See also, Roach v. McCrory Corp.*, 158 W.Va. 282, 210 S.E.2d 312 (1974); *Curry v. Heck's, Inc.*, 157 W.Va. 719, 203 S.E.2d 696 (1974); *O'Flaherty v. Tarrou*, 130 W.Va. 326, 43 S.E.2d 392 (1947); and *Spears v. Goldberg*, 122 W.Va. 514, 11 S.E.2d 532 (1940).

In the present case, the appellant does not claim that the University was guilty of willful or wanton conduct or that a nuisance existed. Rather, she claims that it was guilty of negligence.

In *Burdette v. Burdette*, 147 W.Va. 313, 127 S.E.2d 249 (1962), the Court discussed at some length what constitutes negligence in the maintenance of premises. While recognizing that the owner or occupant of premises used for business purposes has some duty to keep the premises safe for invitees, the Court quoted with approval generally accepted principles set forth in 65 C.J.S. Negli-

gence § 50 relating to the owner or occupant's duties. The Court stated:

> In 65 C.J.S. Negligence § 50, the text contains this language: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers." In 38 Am. Jur., Negligence, § 97, the principle is expressed in these terms: "There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant."

*Burdette v. Burdette, Id.* at 318, 127 S.E.2d at 252.

■ What this, in effect, says is that an owner of business premises is not legally responsible for every fall which occurs on his premises. He is only liable if he allows some hidden, unnatural condition to exist which precipitates the fall. He is not responsible if some small characteristic, commonly known to be a part of the nature of the premises, precipitates the fall. This has been otherwise stated as follows:

> In order to make out a prima facie case of negligence in a slip and fall case, the invitee must show (1) that the owner had actual or constructive knowledge of the foreign substance or defective condition and (2) that the invitee had no knowledge of the substance or condition or was prevented by the owner from discovering it . . . With respect to slip-and-fall cases, the mere occurrence of a fall on the business premises is insufficient to prove negligence on the part of the proprietor.

3 S. Speiser, *et al., The American Law of Torts* § 14.14 (1986); *see Hughes v. Hospital Authority of Floyd County,* 165 Ga.App. 530, 301 S.E.2d 695 (1983), and *Preuss v. Sambo's of Arizona, Inc.,* 130 Ariz. 288, 635 P.2d 1210 (1981).

This broad principle has been applied when the place of injury is a lawn. As summarized in 62A Am.Jur.2d *Premises Liability* § 653 (1990):

> The owner of premises has a duty to maintain a lawn or front yard open to invitees in reasonably good condition, but he is not liable to one who steps in a small hole in the lawn where he had neither actual nor constructive notice of such defect.

*See also Kluz v. Boldt,* (3d Dept.) 18 A.D.2d 1037, 238 N.Y.S.2d 504 (1963), *aff'd* 13 N.Y.2d 906, 243 N.Y.S.2d 691, 193 N.E.2d 514 (1963).

■ In describing her injury in the present case, the appellant testified that she fell when her heel went into a "little pit" or "little crater-type thing" in the ground. She did not present any evidence indicating that the "little pit" was anything other than a slightly unsmooth spot on the lawn or that it was of such size or character as to constitute anything other than a small irregularity of the type universally recognized to be a typical part of a lawn.

The appellant's evidence failed to identify a specific irregularity, later identifiable or identified, which precipitated her injury.

On the other hand, evidence was introduced which suggested that whatever precipitated the appellant's fall was a very small irregularity which was apparently a part of the natural character of a lawn. Professor Sarah Romersburger, who was in charge of the appellant's class at the time she fell, and who testified that she always surveyed the area where a class was to be conducted, stated that she could not recall seeing anything which could be characterized as a hole or pit in the ground. Similarly, an officer in the University's department of public safety, who inspected the lawn carefully for ten or fifteen minutes immediately after the accident occurred, testified that he found no safety hazard such as a hole in the ground.

In this Court's view, the overall evidence adduced in this case, even when construed in the light most favorable to the appellant, suggests that she fell as the result of some irregularity of such slight proportions as

would ordinary be recognized to be a normal characteristic of a lawn by any person going upon the lawn.

As previously stated in *Burdette v. Burdette, supra,* the duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like. The duty to keep premises safe does not apply to defects or conditions which should be known to the invitee or which would be observed by him in the exercise of ordinary care. As otherwise stated, there is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant.

■ Further, as indicated in *The American Law of Torts,* the law requires that before an owner can be liable under a negligence theory, he must have had actual or constructive knowledge of the defective condition which caused the injury. In the present case, the appellant failed to show that the University had actual knowledge of the defect which precipitated her fall. The record also suggests that the defect was so minor that it could not be later located. This fact suggests that constructive knowledge of it should not be imputed to the University.

Given the overall circumstances, the Court cannot conclude that the evidence adduced, even when construed in the light most favorable to the appellant, showed that the University breached a duty with regard to keeping its premises safe.

■ The Court notes that the appellant also claims that Professor Romersburger, the professor in charge of her class, failed to prepare for and supervise the stage movement class appropriately. In conjunction with this, she claims that the professor negligently failed to inspect the lawn prior to holding the class. The appellant argues that if Professor Romersburger had carefully scrutinized the grass on the lawn where the accident occurred, she would have discovered the unknown and unusual character of it.

As previously indicated, the record fails to show that there was any pit, bump, or depression, or the like, present in the University's lawn that was not generally characteristic of a lawn or that rose to the level of a hidden danger, trap, snare, pitfall, or the like. Professor Romersburger testified that she could not recall seeing anything in the lawn that could have precipitated the appellant's fall, and a careful inspection by an officer immediately after the accident failed to identify a precipitating defect.

In view of all this, the Court cannot conclude that the. appellant has demonstrated that Professor Romersburger's failure to inspect was a proximate cause of her injury. There is nothing to suggest that even a thorough inspection would have identified the defect which precipitated the injury.

■ The Court notes the appellant also states that students were not given safety instructions before going outside and that they were not properly supervised outside.

Substantial evidence was introduced during trial showing that theater students at West Virginia University were given instructions on safety. For instance, Professor Romersburger testified that safety was incorporated in her instruction of the appellant's class. She further testified that safety was included in the syllabus of the course and that safety instruction addressed everything from clothing to eye contact, to layering of clothing, to body positioning. The appellant herself testified that students were required to wear high top tennis shoes for protection.

Apart from this, the appellant introduced no evidence demonstrating how safety instruction would have prevented her injury.

Lastly, it appears that the appellant claims that Professor Romersburger generally failed to supervise her properly.

It appears that Professor Romersburger was present at the time the class was being conducted and at the time of the appellant's injury. There is no evidence that Professor Romersburger was aware of the alleged pit or depression in which the appellant apparently stepped, and there is no indication that any act of supervision would have prevented the accident. The overall evidence shows further that a number of students had per-

formed exercises in the same area without sustaining injury and that on the same day, prior to her injury, the appellant herself had performed a similar exercise without any adverse effect. In effect, there was nothing in the overall circumstances which would have suggested that Professor Romersburger's supervision in any way deviated from the form of supervision that an ordinary, reasonable professor would have conducted under the same circumstances.

After reviewing the overall record in the light most favorable to the appellant, and even after resolving all conflicts in her favor and assuming that all facts that her evidence tends to prove are proven, and giving her the benefit of all reasonable inferences which may be drawn from the facts proved, this Court cannot conclude that the trial court erred in finding that the jury's verdict was unsupported by the evidence or in setting aside the jury's verdict.

The judgment of the Circuit Court of Monongalia County is, therefore, affirmed.

Affirmed.