# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Edward Ball, II,**
**Plaintiff Below, Petitioner**

**vs)  No. 14-0582** (Grant County 10-C-46)

**A.L.L. Construction, Inc., a West Virginia**
**corporation, and Allegheny Investments, LLC,**
**a West Virginia Limited Liability Company,**
**Defendants Below, Respondents**

**And**

**David Edward Ball, II,**
**Plaintiff Below, Petitioner**

**vs)  No. 14-0583** (Grant County 10-C-46)

**OSA Enterprises, LLC, a West Virginia**
**Limited Liability Company,**
**Defendant Below, Respondent**

**FILED**

April 10, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

In these consolidated appeals, Petitioner David Edward Ball, II, by counsel James A. Varner, Sr., Woodrow E. Turner, David A. Sims, and Pat A. Nichols, appeals the orders of the Circuit Court of Grant County granting summary judgment in favor of respondents and denying his motions for reconsideration of the same.[1] Respondents A.L.L. Construction, Inc. and Allegheny Investments, LLC, by counsel Peter G. Zurbuch and Jeffrey S. Zurbuch, and

---

[1] Although this matter arises from the same underlying civil action, petitioner filed two separate appeals with this Court. As more fully discussed herein, in Docket No. 14-0582, petitioner appeals the circuit court's April 7, 2014, order that denied his motion for reconsideration of the dismissal of his deliberate intent claims against Respondents A.L.L. Construction, Inc. and Allegheny Investments, LLC, on summary judgment. In Docket No. 14-0583, petitioner appeals the circuit court's April 7, 2014, order denying his motion for reconsideration of the dismissal of his premises liability claim against Respondent OSA Enterprises, LLC, on summary judgment. As these matters arise from the same underlying civil action, are substantially related, and involve a review of the same appendix record on appeal, we hereby consolidate petitioner's two appeals for disposition in this memorandum decision.

1

Respondent OSA Enterprises, LLC, by counsel Mary A. Prim and Nathanial Kuratomi, filed responses. Petitioner filed a reply to each response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders are appropriate under Rule 21 of the Rules of Appellate Procedure.

**Facts and Procedural History**

This matter stems from the dismissal of petitioner's civil action against Respondent A.L.L. Construction, Inc. ("A.L.L. Construction"), Respondent Allegheny Investments, LLC ("Allegheny Investments"), and Respondent OSA Enterprises, LLC ("OSA Enterprises") on summary judgment. Petitioner filed suit after suffering injuries on June 26, 2008, while he was an employee of both A.L.L. Construction and Allegheny Investments on property owned by OSA Enterprises. Petitioner's suit alleged, inter alia, violations of our deliberate intent statute[2]

---

[2] Under the deliberate intent statute, in order for an employer to lose its workers compensation immunity, the employee plaintiff must establish the following five elements:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§23-4-1], article four, chapter

against his employers and a premises liability claim against OSA Enterprises.

Petitioner was hired by A.L.L. Construction in 2006 as a drilling rig operator. He operated A.L.L. Construction's Ingersol Rand drill that was mounted on a crawler chassis. During his employment until his accident in 2008, petitioner primarily performed excavation for site pads for windmills on the NedPower Project on Scherr Mountain in Grant County.

Allegheny Investments is in the business of mining limestone. On three or four occasions prior to the accident, including the day before the accident, petitioner had conducted drilling at an Allegheny Investments quarry also located on Scherr Mountain. He conducted this drilling without incident. Allegheny Investment's quarry is located on property adjacent to property owned by OSA Enterprises, where the accident occurred. Part-owner of A.L.L. Construction, Jason Kitzmiller, is also the managing member of Allegheny Investments.

On the day of the accident, petitioner was performing exploratory drilling on behalf of Allegheny Investments on OSA Enterprises property by collecting bore samples. The exploratory drilling was intended to ascertain whether the OSA Enterprises property was suitable to operate as a limestone quarry for Allegheny Investments. Mr. Kitzmiller and an Allegheny Investments foreman had previously walked the proposed drill path and staked out the starting and ending points. The foreman drove petitioner along the path on a parallel road to show him the drill path prior to his drilling. Petitioner states that, at times, it was difficult to see the drill path due to trees and overgrown vegetation.

Petitioner operated the drilling rig for several hours on the day of the accident. The last thing petitioner remembered before the accident was being on a hill and debating whether to keep going or to turn and go back. Petitioner elected not to turn the rig around, which he admitted in his deposition that he could have done. Rather, he continued off of the drill path, which resulted in the drilling rig going down an embankment and overturning onto its side, causing injuries to petitioner's face and head. Petitioner was able to walk back to the quarry and was transported to the hospital.

Petitioner reported the accident to the United States Mine Safety and Health Administration ("MSHA"). MSHA investigated and determined that it did not have jurisdiction as the accident did not occur on MSHA-permitted property. Allegheny Investments reported the accident to the United States Occupational Safety and Health Administration ("OSHA"), which did not issue any citations to respondents.

Following discovery, respondents filed their respective motions for summary judgment. By order entered on November 19, 2013, the circuit court granted respondents' motions and dismissed petitioner's suit. With respect to petitioner's deliberate intent claim against A.L.L.

---

twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W.Va. Code § 23-4-2(d)(2)(ii)(A) through (E).

Construction and Allegheny Investments,[3] the circuit court concluded that petitioner failed to establish a prima facie case that either respondent had "actual knowledge" of an unsafe working condition as required by West Virginia Code § 23-4-2(d)(2)(ii)(B). In this respect, the circuit court found that there were no prior accidents involving similar roll-overs of drilling rigs; there were no prior complaints by petitioner or other drill operators concerning the rigs or the slopes in the area; there were no prior complaints about the area where petitioner was to conduct the test drilling; and there was no citation issued by either MSHA or OSHA as a result of the accident. The circuit court also concluded that petitioner failed to establish a violation of statute or safety standard, as required by West Virginia Code § 23-4-2(d)(2)(ii)(C). Despite petitioner's identification of various MSHA regulations allegedly violated, the circuit court determined that by virtue of MSHA's refusal of jurisdiction over the accident, the identified regulations did not apply to the accident. Lastly, the circuit court concluded that petitioner failed to establish intentional exposure to an unsafe working condition, as required by West Virginia § 23-4-2(d)(2)(ii)(D). The only evidence petitioner introduced in support of intentional exposure was unsubstantiated hearsay from petitioner that another drilling company had refused to work in the area due to safety concerns. The circuit court noted that respondents deposed the president of this other company, who refuted petitioner's theory and testified that his company had declined to drill in the area because the company was too busy to do so, not due to safety concerns. Accordingly, the circuit court granted summary judgment in favor of A.L.L Construction and Allegheny Investments with respect to petitioner's deliberate intent claim.

In granting summary judgment in favor of OSA Enterprises with respect to petitioner's premises liability claim, the circuit court concluded that there was no evidence that OSA Enterprises employed petitioner; was under any obligation to train petitioner or any employee of A.L.L. Construction or Allegheny Investments; or was otherwise responsible for the supervision or direction of petitioner's actions. Petitioner argued that OSA Enterprises had an obligation to provide a reasonably safe place for him to work pursuant to West Virginia Code § 21-3-1.[4] The

---

[3] Petitioner also alleged a negligence claim against Allegheny Investments, the dismissal of which petitioner does not challenge on appeal. Inasmuch as it is relevant to the deliberate intent claim, the circuit court concluded that Allegheny Investments was petitioner's "special employer" pursuant to syllabus point 8 of *Bowens v. Allied Warehousing Services, Inc.,* 229 W.Va. 523, 729 S.E.2d 845 (2012) ("In determining whether a second employer is a special employer giving rise to a special employment status for workers' compensation purposes, the following factors are dispositive: (1) whether the employee has made a contract of hire, express or implied with the second employer; (2) whether the work being done is essentially that of the second employer; and (3) whether the second employer has the right to control details of the work. When all three of the above conditions are satisfied in relation to both employers, both employers will be liable for workers' compensation and both will have the benefit of the exclusivity defense of tort claims."). The circuit court found it undisputed that there was an implied contract of hire between petitioner and Allegheny Investments; that petitioner acquiesced to the direction and control of Allegheny Investments; and that A.L.L. Construction and Allegheny Investments admitted they were petitioner's employers.

[4] West Virginia Code § 21-3-1 provides, in relevant part, that "[e]very employer and every owner of a place of employment, place of public assembly, or a public building, now or

4

circuit court rejected that argument, concluding that there was no evidence that the land in question was defective or that the embankment upon which petitioner attempted to drive his drilling rig constituted a "hidden danger, trap, snare, pitfall, or the like." *McDonald v. University of West Virginia Bd. of Trustees,* 191 W.Va. 179, 183, 444 W.Va. S.E.2d 57, 61 (1994) (citing *Burdette v. Burdette,* 147 W.Va. 313, 127 S.E.2d 249 (1962)). Further, the circuit court concluded that the slope of the hill was open, obvious, and observed by petitioner, and he was consciously aware of the slope. Accordingly, the circuit court concluded that OSA Enterprises owed no duty of care to petitioner and dismissed petitioner's premises liability claim.

Thereafter, petitioner moved for reconsideration of each ruling pursuant to Rules 60(b)[5] and 59(e)[6] of the West Virginia Rules of Civil Procedure. With respect to the deliberate intent claim, petitioner attached an affidavit from his expert witness, dated November 15, 2013, indicating that the expert had revised his opinion to opine that the standards set forth in MSHA

---

hereafter constructed, shall so construct, repair and maintain the same as to render it reasonably safe."

[5] Rule 60(b) provides as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, petitions for rehearing, bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

[6] "A motion under [Rule 59(e)] should be granted where: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; (3) it becomes necessary to remedy a clear error of law or (4) to prevent obvious injustice." Syllabus Point 2, *Mey v. The Pep Boys–Manny, Moe & Jack,* 228 W.Va. 48, 717 S.E.2d 235 (2011).

regulations – regulations the circuit court found inapplicable given MSHA's decline of jurisdiction over the accident – reflect a consensus safety standard in the industry. Based upon this opinion, petitioner argued that the court should revisit its summary judgment ruling. Petitioner also relied on *McComas v. ACF Indus., LLC,* 232 W.Va. 19, 750 S.E.2d 235 (2013), to argue that the violation of the safety standard served to impute "actual knowledge" of the unsafe working condition to A.L.L. Construction and Allegheny Investments.

The circuit court rejected petitioner's arguments, finding that his expert's affidavit was untimely because expert opinions were required to be disclosed no later than August of 2011, as set forth in the court's scheduling order. The circuit court went on to conclude that *McComas* did not materially change the law set forth in *Ryan v. Clonch Industries, Inc.,* 219 W.Va. 664, 639 S.E.2d 756 (2006), and that, nevertheless, petitioner's reliance on *McComas* was misplaced because that case holds that when a specific safety statute or regulation imposes a *duty of inspection* upon an employer who fails to inspect, actual knowledge may be imputed to the employer. Petitioner failed to identify any applicable regulations creating a duty to inspect. By order entered April 7, 2014, the circuit court denied petitioner's motion for reconsideration of its order granting summary judgment in favor of A.L.L. Construction and Allegheny Investments.

By separate order also entered on April 7, 2014, the circuit court denied petitioner's motion for reconsideration of its order granting summary judgment in favor of OSA Enterprises. Petitioner argued that this Court's decision in *Hersh v. E-T Enterprises, LP,* 232 W.Va. 305, 752 S.E.2d 336 (2013), issued three weeks after the hearing on the motions for summary judgment, constituted an intervening change in the controlling law of the case. Petitioner argued that, because this Court in *Hersh* abolished the "open and obvious" doctrine, the circuit court's summary judgment order in favor of OSA Enterprises should be voided inasmuch as the doctrine was a component of the ruling. However, the circuit court concluded that, even in light of *Hersh,* there was insufficient evidence of any hazard or defect on the land where petitioner was injured that caused his injuries. The circuit court found that petitioner operated a drilling rig down a hillside of his own accord, and not due to dangerous conditions on the land. Accordingly, the court denied petitioner's motion for reconsideration with respect to dismissal of his premises liability claim against OSA Enterprises. Petitioner now appeals to this Court.

**Discussion**

Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is proper when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.Va.R.Civ.P. 56. "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995). With respect to deliberate intent claims, this Court has held that

> a court shall dismiss a deliberate intention action "upon motion for summary judgment if it finds . . . that one or more of the facts required to be proved by the provisions of subparagraphs (A) through (E), inclusive, paragraph (ii) of this

subdivision do not exist." W.Va. Code § 23–4–2(d)(iii)(B). Each of the five statutory factors "is an essential element of a 'deliberate intention' cause of action, which a plaintiff has the ultimate burden to prove. Therefore, at the summary judgment stage, if a defendant should establish that no material issue of fact is in dispute on any one of the factors, and such a finding is in favor of the defendant, summary judgment must be granted to the defendant." *Mumaw v. U.S. Silica Co.*, 204 W.Va. 6, 11, 511 S.E.2d 117, 122 (1998). Finally, "'in order to withstand a motion for summary judgment, a plaintiff must make a prima facie showing of dispute on each of the five factors.'" *Marcus v. Holley,* 217 W.Va. 508, 520, 618 S.E.2d 517, 529 (2005) (citation omitted) (footnote omitted).

*Smith v. Apex Pipeline Services, Inc.,* 230 W.Va. 620, 628, 741 S.E.2d 845, 853 (2013). "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

Petitioner first argues that the circuit court erred in concluding that there were no material issues of fact with regard to whether A.L.L. Construction and Allegheny Investments had "actual knowledge" of an alleged unsafe working condition under West Virginia Code § 23-4-2(d)(2)(ii)(B). Petitioner contends that this Court's 2013 decision in *McComas* represents an intervening change in controlling law on the issue of actual knowledge, and therefore, the circuit court erred by not granting petitioner's motion for reconsideration. The plaintiff in *McComas* was injured when he raised the handle of a 480-volt fuse box that had not been inspected or maintenanced by the defendant employer. This Court reversed summary judgment in favor of the defendant and ruled that the failure to inspect the fuse box constituted a violation of a safety regulation. We ruled that actual knowledge may be proven by the defendant's failure to inspect, where the required inspection would have revealed the specific unsafe working condition.

Petitioner argues that neither A.L.L. Construction nor Allegheny Investments conducted a pre-shift inspection of the drilling area. In addition, petitioner contends that neither respondent trained him on safety rules or procedures or provided him with a radio. We disagree with petitioner and find no error in the circuit court's conclusion with respect to the "actual knowledge" element. "Actual knowledge" is a high threshold that cannot be met by speculation or conjecture. *See Mumaw v. U.S. Silica Co.,* 204 W.Va. 6, 511 S.E.2d 117 (1998). Respondents are correct that although there are no applicable MSHA regulations that impose a duty to inspect the drilling area, an inspection did in fact occur in this case. As the circuit court found, respondents walked and staked the drill path with starting and ending points. The record reveals that there was nothing different about this drill path compared to others that had been worked in the past on this property.

Furthermore, petitioner's claim that respondents failed to adequately train him are without merit. When petitioner was hired, he had almost ten years of drill rig experience, and the union from which he was hired represented that he had experience as a drill rig operator. Petitioner worked for A.L.L. Construction for one and a half years without incident, and, by all accounts, was qualified to run the drilling rig.

7

As for petitioner's claim that *McComas* dictates reversal of the circuit court's denial of his reconsideration motion, we believe that the circuit court properly found otherwise. MSHA regulations, which petitioner asserts impose a duty on A.L.L. Construction and Allegheny Investments to inspect, do not apply to the exploratory drilling in this case. Nevertheless, as stated above, respondents walked the drill path, staked it out, and confirmed it was suitable for drilling. Importantly, petitioner failed to show how the lack of an inspection (if none occurred), would have prevented the accident. As respondents point out, no inspection would have predicted that petitioner would deviate from the drill path on his own volition and roll the rig down an embankment, causing the accident. Therefore, petitioner has failed to raise any genuine issues of material fact with regard to whether A.L.L. Construction and Allegheny Investments had "actual knowledge" of an alleged unsafe working condition.

Second, petitioner argues that the circuit court erred in concluding that the alleged unsafe working condition was a violation of a "state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer[.]" W.Va. Code § 23-4-2(d)(2)(ii)(C). According to petitioner's expert witness, even if the allegedly applicable MSHA regulations did not apply to the accident, they set the industry standard for the operation of drilling rigs on mine sites and for exploratory drilling. Petitioner argues that the circuit court refused to accept this expert opinion, erroneously reasoning that it was not submitted until after summary judgment was granted. Petitioner asserts that his expert was merely clarifying his prior opinion and that such clarification did not become necessary until after the circuit court's summary judgment ruling.

We believe the circuit court correctly found that the MSHA regulations relied upon by petitioner were not, as a matter of law, specifically applicable to the work petitioner was performing on the date of the accident. MSHA did not have jurisdiction over the work as the accident did not occur on mine-permitted property. MSHA has made clear that exploratory drilling off an existing mine site is not subject to its jurisdiction. *See* 30 C.F.R. § 46.2. Despite petitioner's assertion to the contrary, in *McComas,* we maintained the requirement that West Virginia Code § 23-4-2(d)(2)(ii)(C) requires that the safety statute, regulation, or standard allegedly violated must be "specifically applicable to the particular work and working condition involved in the action." *McComas, 232* at 26, 750 S.E.2d at 242. Petitioner attempted to create an issue of fact with the untimely submission of his expert's "clarified" opinion. We agree with the circuit court's decisions to refuse consideration of the late affidavit; furthermore, based on the foregoing analysis, we conclude that it actually provided no real support for petitioner's reconsideration motion in any event. Our review of the expert's affidavit reveals that it provided nothing other than unsupported conclusory assertions that the inapplicable MSHA regulations are "still the standard in the industry." Accordingly, we find no error in the circuit court's conclusion that petitioner failed to establish a genuine issue of fact with regard to West Virginia Code § 23-4-2(d)(2)(ii)(C).

Third, petitioner contends that the circuit court erred in finding no genuine issue of fact with regard to whether A.L.L. Construction and Allegheny Investments intentionally exposed him to an unsafe working condition, as required by West Virginia Code § 23-4-2(d)(2)(ii)(D). We disagree. The only evidence submitted by petitioner on this element was unsubstantiated hearsay that another company, GTI Drilling and Blasting Company, refused to drill in the area due to safety-related concerns. Aside from being insufficient to overcome a motion for summary

judgment, respondents introduced evidence squarely refuting petitioner's allegation. The president of GTI testified that there was no safety issue with the area; rather, his company was simply too busy to do the work. Additionally, the record demonstrates that there were no complaints from petitioner or other workers regarding the terrain in question, and there were no prior accidents. Therefore, we find no error in the circuit court's ruling in this regard. Upon our review, summary judgment in favor A.L.L. Construction and Allegheny Investments with respect to petitioner's deliberate intent claim was proper.

Finally, petitioner argues that the circuit court erred in granting summary judgment in favor of OSA Enterprises on his premises liability claim. Petitioner argues that the circuit court's ruling, in part, was based upon the "open and obvious nature of the terrain and the absence of any hidden danger or other hazardous condition[s]." Petitioner is correct this Court subsequently abolished the "open and obvious" doctrine in *Hersh. Hersh* involved a plaintiff who fell down stairs where the property owner had removed the handrail. The circuit court granted summary judgment to the owner, finding the lack of handrail to be open and obvious, and thus, a bar to plaintiff's recovery. We reversed that ruling and remanded the case to the circuit court, holding that under a comparative fault scheme, recovery is not automatically barred by an open and obvious defect.

Petitioner argues that pursuant to West Virginia Code § 21-3-1, OSA Enterprises had a statutory duty to provide a reasonably safe workplace to petitioner. He also argues that any open and obvious hazard on the property is no longer an absolute bar to his recovery; rather, it is a possible defense for the landowner. Additionally, according to *Hersh,* a landowner has a duty to remedy the risk of open and obvious hazards if harm is foreseeable. In this case, petitioner contends that OSA requested that Allegheny conduct exploratory drilling on its property, but provided a worksite consisting of a mountainside with trees, tall grass, and large rocks. Petitioner argues that the circuit court abused its discretion in denying his motion for reconsideration given the intervening change in controlling law, i.e., the issuance of *Hersh.* The circuit court reasoned that no jury could conclude that tall grass, rocks, and trees constitute a hazard, dangerous condition, or nuisance, in this context.

Petitioner fails to recognize that the circuit court's summary judgment order was not entirely based upon the open and obvious doctrine. As the circuit court correctly found, petitioner, on his own accord, drove his rig off the drill path, down an embankment, and rolled it over. The record fails to establish any condition – open, obvious, or otherwise -- on the drill path that constituted a hazard to petitioner. Petitioner identified tall grass, trees, rocks, and the slope of the embankment on which he chose to operate his rig as the only potential hazards at the work site. Additionally, OSA's statutory duty to keep the property reasonably safe must be read consistent with the common law. Following *Hersh,* a landowner owes a duty of care to remedy a risk posed by an open and obvious hazard if it is foreseeable that the hazard may cause harm to others. The Court in *Hersh* stated that

> [t]o read negligence into every instance in which an obvious danger is allowed to remain on one's own property would impose upon private homeowners and property owners a cumbersome burden, indeed, to ensure that their homes and yards are perfectly clear from all obvious and potentially injury-producing

9

circumstances. Regardless of which standard of care is most judicious to impose upon possessors of land, however, the fact remains that the law does not impose this burden.

232 W.Va. at 317, 752 S.E.2d at 348.

Even post-*Hersh*, a plaintiff must still produce evidence of a hazard that caused his injury, or else summary judgment will be proper. Petitioner does not identify how the tall grass, rocks, or trees presented such a hazard. The undisputed evidence is that petitioner observed the slope, questioned whether to turn back, but proceeded down the slope, off the drill path, resulting in the accident.

Finally, the facts of the present case are distinguishable from *Hersh*. There was no question in *Hersh*, that the lack of handrails was a violation of the city code and that handrails had been removed by the landowner. Unlike the plaintiff in *Hersh*, petitioner fails to point to a specific defect or hazard on the drill path that caused his accident. In the present case, it is undisputed that the drill path was marked; that petitioner was shown the drill path; and that no one directed him to drive down the slope that resulted in his accident. Further, it was undisputed that petitioner observed the slope, contemplated turning around, but elected not to do so. Therefore, even viewing the circuit court's summary judgment order through the lens of *Hersh*, its order is correct.

For the foregoing reasons, we affirm the Circuit Court of Grant County's April 7, 2014, orders denying reconsideration of its previous order granting summary judgment in favor of respondents.

Affirmed.

**ISSUED:** April 10, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II