IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 8, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JORDAN LINZY,**
**Plaintiff Below, Petitioner**

**vs.)**    **No. 23-ICA-31**      (Cir. Ct. Raleigh Cnty. No. CC-41-2022-C-51)

**BECKLEY GALLERIA, LLC;**
**PARAMOUNT DEVELOPMENT CORPORATION;**
**PARAMOUNT DEVELOPMENT PROPERTIES, LLC;**
**MARQUEE CINEMAS, INC.;**
**MARQUEE CINEMAS-WV, INC.; and**
**MARQUEE CINEMAS, HOLDINGS, INC.,**
**Defendants Below, Respondents**


**MEMORANDUM DECISION**

Petitioner Jordan Linzy appeals the January 5, 2023, order of the Circuit Court of Raleigh County. Respondents filed a joint response brief.[1] Mr. Linzy did not file a reply. The issue on appeal is the circuit court's dismissal of Mr. Linzy's action against Respondents alleging general negligence and negligent hiring, training, retention, and supervision.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' written and oral arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter arises out of events from the night of May 30, 2020, in the parking lot of the Marquee Cinemas Galleria 14 movie theater in Beckley, West Virginia ("the parking lot").[2] At some point before midnight that evening, Mr. Linzy was standing in the bed of a

---

[1] Petitioner Jordan Linzy is represented by Stephen New, Esq. Respondents Beckley Galleria, LLC, Paramount Development Corporation, and Paramount Development Properties, LLC, (collectively "Paramount") are represented by Cy A. Hill, Jr., Esq., and Jayson T. Hamrick, Esq. Respondents Marquee Cinemas, Inc., Marquee Cinemas-WV, Inc., and Marquee Cinemas Holdings, Inc., (collectively "Marquee") are represented by Jared C. Underwood, Esq. and Chip E. Williams, Esq.

[2] The theater is owned by Paramount and operated by Marquee.

friend's pickup truck while it was performing a burnout in the parking lot, causing Mr. Linzy to be thrown from the truck, resulting in him sustaining serious injuries and requiring a prolonged period of hospitalization. Relevant to these events, at this time, due to the COVID-19 pandemic, the State of West Virginia had ordered the closure of nonessential businesses and ordered members of the public to remain at home.[3] It is undisputed that, on the night in question, the theater was closed.

On June 8, 2022, Mr. Linzy filed an amended complaint in the Circuit Court of Raleigh County against Respondents, alleging two counts: negligence and negligent hiring, training, retention, and supervision. In his complaint, Mr. Linzy alleged that Respondents were aware that local teenagers used the parking lot as a late-night "hang-out spot." Below, Mr. Linzy argued that Respondents had a duty of care to employ security personnel to protect persons on the premises, maintain a lookout or monitor for dangerous activity, and implement appropriate safety measures.[4] Regarding the negligent hiring claim, Mr. Linzy argued that Respondents failed to hire security guards to monitor the location and failed to provide appropriate training, education, and instruction to its employees.

In response, both Paramount and Marquee moved for dismissal, arguing they did not owe any duty to Mr. Linzy. On January 5, 2023, the circuit court issued an order granting both motions and dismissing the case in its entirety. The circuit court concluded that Respondents owed no duty to Mr. Linzy because these events were not reasonably foreseeable, and that Mr. Linzy had failed to sufficiently plead a negligent hiring claim because he did not allege any act by an agent of Respondents who had injured him. It is from this order that Mr. Linzy now appeals.

We review a circuit court's order granting a motion to dismiss *de novo*. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 773, 461 S.E.2d 516, 519 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.").

On appeal, Mr. Linzy raises six assignments of error, but we need address only one—whether Respondents owed any duty to him. On appeal, Mr. Linzy argues Respondents had a duty to employ security personnel to protect persons on the premises. Our negligence jurisprudence is well-settled: "[n]o action for negligence will lie without a duty broken." Syl. Pt. 3, *Aikens v. Debow*, 208 W. Va. 486, 488, 541 S.E.2d 576, 578 (2000) (quoting Syl. Pt. 4, *Jack v. Fritts*, 193 W. Va. 494, 457 S.E.2d 431 (1995)). The scope of a duty is determined by the foreseeability of harm:

---

[3] *See* Exec. Ord. No. 9-20.

[4] Mr. Linzy asserts that Respondents should have erected barriers or fencing to prevent incidents such as this.

The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

Syl. Pt. 3, *Sewell v. Gregory*, 179 W. Va. 585, 586, 371 S.E.2d 82, 83 (1988). When considering the scope of duty, the surrounding circumstances must be considered. *Wheeling Park Comm'n v. Dattoli*, 237 W. Va. 275, 280, 787 S.E.2d 546, 551 (2016) ("Negligence is the violation of the duty of taking care under the given circumstances. It is not absolute; but is always relative to some circumstances of time, place, manner, or person.") (quoting Syl. Pt. 1, *Dicken v. Liverpool Salt & Coal Co.*, 41 W. Va. 511, 23 S.E. 582 (1895)).

Applying these principles, we conclude that Mr. Linzy's injury was not a foreseeable event under these circumstances. We agree with the circuit court's reasoning; a reasonable person would not foresee a need to hire security personnel to monitor a parking lot to ensure an individual does not harm himself by falling from the back of a pickup truck while the truck is performing a burnout. Mr. Linzy emphasizes that the Respondents had notice of these activities, but again, even taking that allegation as true, the circumstances of this case foreclose foreseeability. During the relevant events, due to a global pandemic, the theater was closed as a nonessential business, and members of the public were subject to a stay-at-home order; with that in mind, we decline to proclaim Mr. Linzy's actions were reasonably foreseeable under these circumstances.[5] To hold otherwise would require Respondents to become the insurers of Mr. Linzy. *Hawkins v. U.S. Sports Ass'n, Inc.*, 219 W. Va. 275, 278, 633 S.E.2d 31, 34 (2006) ("This Court has invariably maintained that the owner of premises upon which an injury occurs is not to be considered an insurer of the safety of [a] . . . person present upon such premises.") (citing *Puffer v. The Hub Cigar Store, Inc.*, 140 W. Va. 327, 84 S.E.2d 145 (1954), *overruled on other grounds by Mallet v. Pickens*, 206 W. Va. 145, 522 S.E.2d 436 (1999)).

---

[5] Moreover, beyond anticipating that individuals would be in the parking lot of a closed business amidst a state-wide shutdown, one would need to foresee: (1) that these individuals would be engaging in burnouts, despite the danger that activity could present to the driver and pedestrians, and (2) that a typical danger presented by the activity of performing a burnout includes a man falling from standing atop a truck and injuring his head (as opposed to damages caused by a driver's loss of control of the vehicle, or damage to the vehicle's internals from the strain a burnout inflicts on it). Again, we are unwilling to go so far.

As to the dismissal of Mr. Linzy's count for negligent hiring, training, retention, and supervision,[6] our above discussion controls, because he failed to identify any duty owed to him, this count must be dismissed; without an underlying duty, there can be no negligent hiring. Furthermore, each of these theories is predicated upon the conduct of an unfit employee.[7] As the circuit court recognized, in his amended complaint, Mr. Linzy asserts that liability stems from Respondents' failure to hire or employ security personnel, not that he was harmed by an individual employed by Respondents. Accordingly, we conclude that Mr. Linzy's theory is not cognizable under West Virginia law.[8]

We affirm the January 5, 2023, order of the Circuit Court of Raleigh County.

Affirmed.

**ISSUED:** November 8, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[6] *See C.C. v. Harrison Cnty. Bd. of Educ.*, 245 W. Va. 594, 604, 859 S.E.2d 762, 772 (2021) (noting that negligent hiring, supervision, and retention contain discrete elements, constituting separate claims).

[7] *See C.C. v. Harrison Cnty. Bd. of Educ.*, 245 W. Va. at 604–710, 859 S.E.2d at 772–778.

[8] As to any issue of premises liability, we conclude that Mr. Linzy has failed to state a claim upon which relief can be granted. While Mr. Linzy alleges that Respondents did not maintain their premises in a reasonably safe condition, the amended complaint fails to set forth any facts that could establish a defect of the parking lot. *See McDonald v. Univ. of W. Va. Bd. of Trustees*, 191 W. Va. 179, 183, 444 S.E.2d 57, 61 (1994) ("the record fails to show that there was any pit, bump, or depression, or the like, present in the University's lawn that was not generally characteristic of a lawn or that rose to the level of a hidden danger, trap, snare, pitfall, or the like"); *see also Hawkins v. U.S. Sports Ass'n, Inc.*, 219 W. Va. 275, 279, 633 S.E.2d 31, 35 (2006). Moreover, a premises owner who is not negligent cannot be held liable for premises liability. *McDonald*, 191 W. Va. at 181, 444 S.E.2d at 59 ("The owner . . . of [a] premises . . . is not an insurer of the safety of an invited person present on such premises and, if such owner or occupant is not guilty of negligence . . . he is not liable for injuries there sustained by such invited person . . . .") (quoting Syl. Pt. 3, *Puffer v. Hub Cigar Store*, 140 W. Va. 327, 327, 84 S.E.2d 145, 148 (1954), *overruled on other grounds by Mallet v. Pickens*, 206 W. Va. 145, 522 S.E.2d 436 (1999)).

4